**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: DENNIS A. PERRY                    MISCELLANEOUS ACTION

                                          CASE NO. 26-1185

                                          SECTION: "G" (2)

## ORDER AND REASONS

Before the Court is a Motion to Stay Pending Appeal filed by Perry Associates, LLC, Dennis A. Perry, and 3065 South Palm Drive, LLC (collectively, "Movants").[1] Leo D. Congeni, as appointed Subchapter V Trustee (the "Trustee"), opposes the motion.[2] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

Bankruptcy Appellants Private Connection Auto, LLC, Perry Associates, LLC, William W. Alden M.D., Crescent City Property Redevelopment Association, LLC, and Crescent City Medical Services, LLC (collectively, the "Alden Entities") previously filed multiple Notices of Appeal from the Bankruptcy Case, *In Re: Dennis A. Perry*, Case No. 20-11986. On May 19, 2025, this Court granted a motion to consolidate those appeals under Master Case No. 23-5265.[3] On March 30, 2026, this Court issued Judgment in the consolidated cases.[4] The Court affirmed the

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 6.

[3] Case No. 23-5265, Rec. Doc. 14.

[4] Case No. 23-5265, Rec. Doc. 35.

1

Bankruptcy Court in part, reversed the Bankruptcy Court in part, and remanded the case for additional proceedings.[5] Thereafter, the Alden Entities filed a Notice of Appeal to the Fifth Circuit.[6] Perry filed a motion to dismiss the appeal for lack of jurisdiction, asserting that the appeal was premature considering the case was remanded to the Bankruptcy Court for additional proceedings.[7] On June 16, 2026, the Fifth Circuit granted Perry's motion and dismissed the appeal for lack of jurisdiction.[8]

On May 20, 2026, the Bankruptcy Court held a hearing in Perry's bankruptcy case on a Motion for Entry of Order Authorizing Sale of Real Property (3065 S. Palm Drive, Slidell, LA 70458 and 3303 Bonfouca Dr., Slidell, LA 70458) Free and Clear of Liens and Interests filed by the Trustee (the "Sale Motion").[9] At the hearing, all objections to the Sale Motion were withdrawn based upon the agreement between Perry, the Trustee, and counsel for Dr. Alden, to a limited suspensive condition to the granting of the Sale Motion.[10] The suspensive condition gave Perry and Dr. Alden until May 29, 2026 to pursue a global settlement of all claims.[11] Following the hearing, the Bankruptcy Court issued an order granting the motion subject to the suspensive condition (the "Sale Order").[12]

---

[5] *Id.*

[6] Case No. 23-5265, Rec. Doc. 36.

[7] Fifth Cir. Case No. 26-30248, Rec. Doc. 14.

[8] Fifth Cir. Case No. 26-30248, Rec. Doc. 26.

[9] Bankr. Case No. 20-11986, Rec. Doc. 770.

[10] *Id.*

[11] *Id.*

[12] Bankr. Case No. 20-11986, Rec. Doc. 770.

On May 28, 2026, Perry filed a motion to extend the suspensive condition deadline, which the Bankruptcy Court denied.[13] The Bankruptcy Court found "that, given the significant length of time the Subchapter V Trustee, the Debtor, and other parties have been given to administer these properties, any further extensions of time would be fruitless and further prejudice the estate and creditors."[14] On May 29, 2026, Perry and the Alden Entities both filed Motions to Stay the Sale Order.[15] In those motions, the parties asserted that the Sale Order should be stayed to allow additional time for them to engage in settlement negotiations because they had recently learned that a new roof had been installed on the South Palm property, which could increase the value of the property.[16] The Bankruptcy Court denied both motions again finding "that, given the record in this case, and the significant length of time the Subchapter V Trustee, the Debtor, and other parties have been given to administer these properties, any further extensions of time would be fruitless and further prejudice the estate and creditors."[17]

On June 3, 2025, Movants filed a new miscellaneous case, No. 26-mc-1185.[18] The sole relief sought by Movants is a stay, pending appeal, of the Bankruptcy Court's Sale Order.[19] The case was randomly allotted to Section P of this Court. On June 5, 2026, the case was transferred to this Section as it is related to Case No. 23-5265 and the other consolidated appeals.[20] On June

---

[13] Bankr. Case No. 20-11986, Rec. Doc. 774.

[14] *Id.*

[15] Bankr. Case No. 20-11986, Rec. Docs. 775, 777.

[16] *Id.*

[17] Bankr. Case No. 20-11986, Rec. Doc. 778.

[18] Rec. Doc. 1.

[19] *Id.*

[20] Rec. Doc. 4.

9, 2026, the Court issued an order setting the Motion to Stay Pending Appeal for expedited submission.[21] On June 10, 2026, the Trustee filed an opposition to the motion.[22] On June 12, 2026, Movants filed a reply brief in further support of the motion.[23]

## II. Parties' Arguments

### A.    *Movants' Arguments in Support of the Motion*

Movants ask this Court to stay the Bankruptcy Court's Sale Order pending appeal.[24] Movants contend that the seven-day suspensive condition deadline proved unrealistic for finalizing a global settlement.[25] Movants also assert that Perry's counsel was out of town during that time, impairing their ability to coordinate payment of administrative expenses and creditor distributions.[26] Movants assert that Perry personally inspected the properties on May 28, 2026, when he learned that a new roof had been installed on the South Palm property.[27] Movants present photographs to demonstrate "that a substantial roof replacement occurred after the [Bankruptcy] Court approved the low-price sale and while settlement discussions were still actively ongoing."[28]

Movants assert "[t]his appeal presents substantial questions concerning whether the Bankruptcy Court abused its discretion by denying emergency relief after being presented with evidence that the physical condition of South Palm had materially changed after approval of the

---

[21] Rec. Doc. 5.

[22] Rec. Doc. 6.

[23] Rec. Doc. 11.

[24] Rec. Doc. 1.

[25] *Id.* at 2.

[26] *Id.*

[27] *Id.*

[28] *Id.*

sale and before closing."[29] Movants contend that "[t]he installation of a substantial capital improvement immediately before the May 29, 2026 deadline strongly suggests that the party responsible for the work believed the low-price sale would close and that a settlement would not be consummated."[30] Movants argue that "[t]his newly discovered evidence directly affects the fairness and adequacy of the approved sale prices and whether the estate is receiving the full benefit of the properties' current condition."[31]

Movants also assert that they will be irreparably harmed if the Sale Order is not stayed pending appeal because: (1) title may transfer to third parties; (2) sale proceeds may be distributed; (3) purchasers may alter their positions in reliance upon the transactions; and (4) meaningful appellate relief may become impossible or substantially impaired.[32] Movants assert that once the transactions close their right to meaningful review may be permanently lost.[33] Movants argue that the balance of harms favors a stay because the requested stay is temporary and narrowly tailored.[34] Finally, Movants contend that the public interest favors preserving the status quo.[35]

### B.   The Trustee's Arguments in Opposition to the Motion

The Trustee points out that Perry's bankruptcy case has been pending for almost six years, and the Bankruptcy Court ordered that the South Palm and Bonfouca properties be sold on

---

[29] *Id.* at 3.

[30] *Id.* at 4.

[31] *Id.*

[32] *Id.*

[33] *Id.*

[34] *Id.* at 5.

[35] *Id.*

September 1, 2023. [36] The Trustee asserts that "[m]ultiple efforts to sell or auction the properties have been made, often thwarted by fraudulent purchasers and the filing of lis pendens by Appellants."[37] Although Appellants do not appear to oppose a sale, the Trustee asserts "they want to regain control irrespective of the fact that they have no better alternatives for selling the properties and despite having had years to provide options."[38] The Trustee asserts the sale should not be further delayed due to the deteriorating conditions of the properties.[39] The Trustee contends that "[t]he parties have had years to present creditors with a fair alternative to the proposed sale yet failed to do so."[40] Regarding Movant's allegation that the roof was recently replaced at the South Palm property, "the Trustee seriously doubts that the purchaser installed a new roof prior to closing."[41] The Trustee also questions "why a new roof would afford a basis to appeal the sale order?"[42] Therefore, the Trustee requests that the motion to stay be denied.[43]

C.      *Movants' Arguments in Further Support of the Motion*

In reply, Movants contend that the Trustee mischaracterizes the nature of the instant motion.[44] Movants assert they are not seeking to permanently prevent the sale of the properties.[45]

---

[36] Rec. Doc. 6 at 1 (citing Bankr. Case No. 20-11986, Rec. Doc. 400).

[37] *Id.* at 2.

[38] *Id.*

[39] *Id.*

[40] *Id.* at 3.

[41] *Id.*

[42] *Id.*

[43] *Id.*

[44] Rec. Doc. 11 at 1.

[45] *Id.* at 3.

Instead, they contend that they are only seeking review of whether "the Bankruptcy Court abused its discretion when it denied emergency relief without allowing any meaningful inquiry into evidence that a substantial capital improvement had been made to estate property after approval of the sale and before closing."[46] Movants assert that they have obtained records showing that the proposed buyer of the South Palm property obtained a permit for a new roof on May 22, 2026, and a certificate of completion on May 26, 2026. Movants contend that these facts raise "questions regarding the authority under which substantial improvements were undertaken before transfer of title and further demonstrate why preservation of the status quo was necessary pending investigation."[47]

Movants contend that the discovery of the new roof materially affected ongoing settlement negotiations.[48] According to Movants, "[t]he discovery that a prospective purchaser may have contracted for substantial improvements before acquiring title altered the factual and economic assumptions underlying those negotiations."[49] Movants assert it was reasonable to seek a brief continuance of the suspensive condition deadline.[50]

Movants contend they have established a substantial likelihood of the success on the merits on appeal because they have shown that the Bankruptcy Court abused its discretion by denying "emergency relief despite newly discovered evidence and ongoing settlement efforts."[51] Movants

---

[46] *Id.* at 2.

[47] *Id.* at 4.

[48] *Id.* at 5.

[49] *Id.*

[50] *Id.* at 5–6.

[51] *Id.* at 7.

assert they have established irreparable harm because "[i]f the transactions closes before appellate review occurs, title may transfer, sale proceeds may be distributed, settlement opportunities may be lost, and this Court's ability to grant effective relief may be substantially impaired."[52] Movant also argue that the Trustee has not identified any specific creditor harm that would result from a short delay of the sale to permit investigation of the newly discovered facts and to allow for continued settlement discussions.[53]

### III. Law and Analysis

Movants ask this Court to stay the Bankruptcy Court's Sale Order pending appeal.[54] The Trustee opposes the motion, asserting that Movants have not met the requirements for a stay pending appeal.[55]

Under Rule 8007 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Court or the District Court may suspend proceedings in a case pending disposition of an appeal. In determining whether to issue a stay pending appeal, courts consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[56]

---

[52] *Id.*

[53] *Id.* at 8.

[54] Rec. Doc. 1.

[55] Rec. Doc. 6.

[56] *In re Richard P. Simone*, No. 18-21993, 2023 WL 8605919, at *2 (Bankr. D. Conn. Dec. 12, 2023) (quoting *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007)). *See also In re Hopkins*, No. 23-2421, 2023 WL 8437234, at *4 (D.N.J. Dec. 5, 2023) (quoting *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991)).

Movants assert they have shown a substantial likelihood of success on the merits because the Bankruptcy Court abused its discretion in denying their Motions to Stay the Sale Order. On May 20, 2026, the Bankruptcy Court held a hearing in Perry's bankruptcy case on the Sale Motion.[57] At the hearing, all objections to the Sale Motion were withdrawn based upon the agreement between Perry, the Trustee, and counsel for Dr. Alden, to a limited suspensive condition to the granting of the Sale Motion.[58] The suspensive condition gave Perry and Dr. Alden until May 29, 2026 to pursue a global settlement of all claims.[59] Perry and Dr. Alden did not meet this deadline. Instead, Perry and Dr. Alden requested that the Sale Order be stayed to allow additional time for them to engage in settlement negotiations because they had recently learned that a new roof had been installed on the South Palm property, which could increase the value of the property.[60] The Bankruptcy Court denied both Motions to Stay finding "that, given the record in this case, and the significant length of time the Subchapter V Trustee, the Debtor, and other parties have been given to administer these properties, any further extensions of time would be fruitless and further prejudice the estate and creditors."[61]

Two weeks have passed since the deadline and Movants still have not reached a settlement agreement. They contend that they need additional time to explore settlement options because the discovery of the new roof on the South Palm property may substantially increase the value of that property. The documents submitted by Movants suggest that the new roof was installed by the

---

[57] Bankr. Case No. 20-11986, Rec. Doc. 770.

[58] *Id.*

[59] *Id.*

[60] Bankr. Case No. 20-11986, Rec. Docs. 775, 777.

[61] Bankr. Case No. 20-11986, Rec. Doc. 778.

proposed purchaser of the property, Phillip Graves. Movants insinuate that they should be allowed to benefit from the increased value of the new roof because Mr. Graves has not closed on the property. It is unclear why Mr. Graves would install a new roof on the property before closing, but Movants have not shown why that development makes the purchase price agreed to in the Sale Order unfair. Movants do not cite any authority to suggest that the value of the new roof should inure to their benefit. If Mr. Graves paid for the roof and the property sale falls through, he may have some other claim to recover the value of the roof replacement. Movants have not shown a substantially likelihood of success on the merits of their claim that the Bankruptcy Court abused its discretion in denying the Motions to Stay the Sale Order.

Next, Movants contend they will be irreparably harmed if the Sale Order is not stayed. Movants suggest that they will not have an opportunity for meaningful review if title to the properties is transferred.  During the May 20, 2026 hearing, Movants agreed to the Sale Order subject to the suspensive condition, which gave them until May 29, 2026 to finalize a settlement. Therefore, Movants did not oppose the sale of the properties at the approved purchase prices, and they have not demonstrated that they will be irreparably harmed if those sales are finalized. To the extent that Movants suggest that the new roof may increase the value of the South Palm property, they have not demonstrated how such an increase in value would cause them harm, particularly where they contend that the buyer paid for the new roof.

Finally, a stay will substantially injure the creditors and the bankruptcy estate. The Bankruptcy Court ordered that these properties be sold over three years ago. The Trustee points out that conditions of the properties have continued to deteriorate since that time. Therefore, delaying the sale further will cause injury to the creditors and the bankruptcy estate. For this same reason, the public interest also weighs against granting a stay.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Stay Pending Appeal[62] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 18th day of June, 2026

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[62] Rec. Doc. 1.

11